IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHAMPION PRO CONSULTING )
GROUP, INC., and CARL E. )
CAREY, JR., PH.D., )
 )
       Plaintiffs, )
 )
    v. ) 1:12CV27
 )
IMPACT SPORTS FOOTBALL, LLC, )
MITCHELL FRANKEL, TONY )
FLEMING, and MARVIN AUSTIN, )
 )
       Defendants. )

## MEMORANDUM OPINION AND ORDER

This case comes before the undersigned United States Magistrate Judge on Non-Parties Robert Quinn and Christina White's Motion to Quash and for a Protective Order (Docket Entry 58). For the foregoing reasons, the Court will deny the instant Motion.

## Discussion

Movants, former Defendants in this action, ask that the Court "quash[] deposition subpoenas served on them by Plaintiffs pursuant to [Federal Rule of Civil Procedure] 45(c)(3) . . . [and issue] a protective order pursuant to [Federal Rule of Civil Procedure] 26(c) . . . ." (Docket Entry 58 at 1.) "On timely motion, <u>the court for the district where compliance is required</u> must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A) (emphasis added). In the instant case, the subpoenas order compliance in the Eastern District of Missouri

(see Docket Entry 56); that court thus resolves motions requesting quashing or modifying a subpoena. However, Movants contend the following:

> Although motions to quash subpoenas generally are brought in "the court for the district where compliance is required," Fed.R.Civ.P. 45(d)(3)(A), "Federal Rule of Civil Procedure 45[] . . . does not alter the broader concept that the district court in which an action is pending has the right and responsibility to control the broad outline of discovery." *Vilma v. Goodell*, 12-cv-1283, 2012 WL 4926993, at *3 (E.D.La. Oct. 16, 2012) (denying plaintiff's efforts to subpoena non-parties in different jurisdictions than where action was pending), *citing Fincher v. Keller Indus., Inc.*, 129 F.R.D. 123, (M.D.N.C. 1990) (same); *see also Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431 (M.D.N.C. 2001) (same). Pursuant to the Court's inherent right to control discovery in this matter, it is empowered to enter an order preventing certain discovery from taking place, including non-party depositions such as those at issue here. *Id.*

(Docket Entry 59 at 8 n.4.)[1] Plaintiffs do not respond to this argument. (See Docket Entry 61 at 1-14.) Although the authority Movants cite predates recent changes to Rule 45,[2] the rationale concerning a court's "right and responsibility" to direct the course of discovery in cases before it remains valid. Thus, to the extent Movants seek a protective order under Rule 26(c), this Court will address their instant Motion.

---

[1] Pin citations refer to the page number in the footer appended to the documents by the CM/ECF system.

[2] In a change effected December 1, 2013, the Advisory Committee moved responsibility for protecting persons subject to subpoenas from the issuing court to the court for the district where compliance would occur. See Fed. R. Civ. P. 45 advisory committee's note, 2013 Amend., Discussion, Subdivs. (c) & (d).

Under the Rule:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> . . .
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
>
> . . . .

Fed. R. Civ. P. 26(c)(1).[3]

Movants in the instant case assert that Plaintiffs have previously deposed Movant Quinn twice in connection with an action in Missouri state court (Docket Entry 59 at 5; see also Docket Entry 59-1 at 113-34, 155-77), and Movant White once in connection with the same proceeding (Docket Entry 59 at 6; see also Docket

---

[3] "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1); see also M.D.N.C. LR 37.1(a) ("The Court will not consider motions and objections relating to discovery unless moving counsel files a certificate that after personal consultation and diligent attempts to resolve differences the parties are unable to reach an accord."). Movants failed to include such a certification with the instant Motion. (See Docket Entry 58.) They did, however, attach a Declaration from the moving attorney that, among other things, describes communications between Movants and Plaintiffs concerning the noticed depositions. (See Docket Entry 59-1 at 2-3.) Movants further included with their Reply a second Declaration which contains the requisite certification and attaches copies of relevant correspondence. (See Docket Entry 65-1.) Under the circumstances, the Court deems Movants to have met their consultation-related obligations.

3

Entry 59-1 at 139-51). Movant Quinn also testified at a hearing in connection with a grievance Plaintiff Carl E. Carey, Jr. initiated with the National Football League Players Association (NFLPA). (Docket Entry 59 at 6 (citing Docket Entry 59-1 at 29-111).) Movants contend that they "have testified at length concerning the process by which [Movant] Quinn chose to terminate [Plaintiff] Carey and retain [Defendant Tony] Fleming, as well as the relationship among Defendants and [Movants]" and therefore Movants "should not be forced to testify again about these matters." (Docket Entry 59 at 15.)

In response, Plaintiffs argue that Movants "have never been deposed in this lawsuit, and have never been subject to cross-examination regarding the factual circumstances underlying Plaintiffs' North Carolina claims for unfair methods of competition and civil conspiracy." (Docket Entry 61 at 7.) They further point out that, during Movant Quinn's first Missouri deposition, his "Missouri counsel specifically instructed him not to answer questions regarding Defendant Fleming, or events concerning [the instant] case[.]" (Id. at 3 (citing Docket Entry 59-1 at 132).) Movant White likewise received the same instruction during her Missouri deposition. (Id. at 4 (citing Docket Entry 59-1 at 142, 147); see also id. (citing Docket Entry 59-1 at 149-50).) Moreover, Plaintiffs contend that, during the NFLPA hearing, "Plaintiff Carey's counsel did not cross-examine [Movant] Quinn at

4

any length regarding his contact with Defendants [] specific to the matters at issue in this litigation." (Id. at 5 (citing Docket Entry 59-1 at 102-09).)

"Absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit altogether the taking of a deposition." Motsinger v. Flynt, 119 F.R.D. 373, 378 (M.D.N.C. 1988). "Not only are protective orders prohibiting depositions rarely granted, but [a movant] has a heavy burden of demonstrating the good cause for such an order." Medlin v. Andrew, 113 F.R.D. 650, 653 (M.D.N.C. 1987). Aside from the prior depositions in related matters, Movants cite no other circumstances to support their contention that depositions in the instant case would cause them undue burden. (See Docket Entry 59 at 8-16.) They do not, for example, contend that testifying at the deposition would inconvenience them in any particular way or that traveling to the location set for the deposition would result in hardship. (See id.) To the contrary, Plaintiffs point out - and Movants do not dispute (see Docket Entry 65) - that Plaintiffs served Movants with the deposition subpoenas nearly three months ahead of the deposition date and set a location for the depositions approximately 17 miles from Movants' residence (Docket Entry 61 at 2). Moreover, at a minimum, Movants have declined to answer at least some questions at previous depositions in other proceedings (Docket Entry 61 at 3-4; see also Docket Entry 59-1 at 132, 142,

5

147), the answers to which appear relevant to the claims at issue in the instant case. For all of these reasons, the Court declines to enter a protective order forbidding Plaintiffs from deposing Movants entirely.[4]

**IT IS THEREFORE ORDERED** that Non-Parties Robert Quinn and Christina White's Motion to Quash and for a Protective Order (Docket Entry 58) is **DENIED**.

                                                    <u>/s/ L. Patrick Auld</u>
                                                    **L. Patrick Auld**
                                    **United States Magistrate Judge**

June 6, 2014

---

[4] In a footnote appended to the end of the brief in support of the instant Motion, Movants contend that, "[i]f the Court does not quash the Deposition Subpoenas, Plaintiffs should only be permitted to conduct the depositions of [Movants] by written questions pursuant to Fed.R.Civ.P. 31." (Docket Entry 59 at 16 n.8.) Because Movants fail to develop any argument or cite any authority in support of that request, the Court denies any such relief. <u>See</u> M.D.N.C. LR 7.2(a) (mandating that briefs contain "argument, which shall refer to all statutes, rules and authorities relied upon"). Nor does the Court deem the fact that one or more Defendants gave written discovery responses as to matters Movants refused to answer at their prior depositions in related proceedings to establish sufficient grounds to forbid depositions of Movants.