# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CHAMPION PRO CONSULTING GROUP,  )
INC., et al.,                   )
                                )
            Plaintiffs,         )
                                )
     v.                         )       1:12CV27
                                )
IMPACT SPORTS FOOTBALL, LLC,    )
et al.,                         )
                                )
            Defendants.         )
```

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Non-Party North Carolina Secretary of State's Motion to Quash and Objection to Subpoena and Notice of Deposition. (Docket Entry 96.) For the reasons that follow, the Court will grant the instant Motion.

### BACKGROUND

Plaintiffs' First Amended Complaint alleges unfair competition and civil conspiracy by Defendants under North Carolina law, in connection with Non-Party Robert Quinn's termination of his contract with Plaintiff Carey. (Docket Entry 17 at 16-23; see also Docket Entry 41 at 30 (Court's Order, per Chief United States District Judge William L. Osteen, Jr., dismissing additional claims).) In September 2014, Plaintiffs served a Subpoena Duces Tecum on the North Carolina Secretary of State ("Secretary") (Docket Entry 97-1) and, further, noticed a deposition for the Secretary's custodian of records (Docket Entry 97-2). In response, the Secretary filed the instant Motion, contending that Plaintiffs'

Subpoena and Notice of Deposition seek disclosure of privileged or otherwise protected information and, further, that the Subpoena imposes an undue burden on the Secretary. (Docket Entry 97 at 3.) It also asserts that Plaintiffs' Notice of Deposition does not suffice to compel a non-party to appear for a deposition. (Id. at 8-9.) Finally, the instant Motion avers that Plaintiffs' Subpoena and Notice fail to allow a reasonable amount of time to comply. (Id. at 6.) Plaintiffs responded (Docket Entry 108) and the Secretary replied (Docket Entry 115).

DISCUSSION

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas issued to non-parties. See Fed. R. Civ. P. 45. The scope of discovery under Rule 45 tracks Rule 26, see Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 240 (M.D.N.C. 2010) (citing Fed. R. Civ. P. 26 advisory committee's note, 1991 amend., subdiv. (a)), which allows for the discovery of "any nonprivileged matter that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1). Under this standard, "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

Rule 45 provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the

subpoena." Fed. R. Civ. P. 45(d)(1). To enforce that obligation, the Court "must quash or modify a subpoena that: (i) fails to allow a reasonable amount of time to comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Under Rule 45, "the burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." IntegraMed Am., Inc. v. Patton, 298 F.R.D. 326, 331 (D.S.C. 2014). Thus, "when a non-party claims that a subpoena is burdensome and oppressive, the non-party must support its claim by showing how production would be burdensome." In re Subpoena Duces Tecum to AOL, LLC, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008). When conducting an analysis under Rule 45, the Court "is required to apply the balancing standards: relevance, need, confidentiality and harm. Even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit." Insulate Am. v. Masco Corp., 227 F.R.D. 427, 432 (W.D.N.C. 2005) (citations omitted).

As an initial matter, the Court agrees with the Secretary's contention that a Rule 30(b) notice of deposition alone does not require a non-party to appear for a deposition (see Docket Entry 97 at 8-9). "Only a party to the litigation may, of course, be

compelled to give testimony pursuant to a notice of deposition." In re Honda Am. Motor Co., Inc. Dealership Relations Litig., 168 F.R.D. 535, 540 (D. Md. 1996). Instead, "[a] subpoena is required to compel the attendance of a nonparty witness, although such a person always may volunteer to appear at the deposition." 9A Wright & Miller, Federal Practice & Procedure § 2460 (3d ed. 2001) (internal footnote omitted); see also Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45."). Moreover, Plaintiffs appear to have conceded this point by not addressing it in their Response. (See Docket Entry 108 at 1-12.) Given that Plaintiffs have not issued a proper subpoena to compel the deposition of a non-party (see Docket Entry 97-2), the Secretary's custodian of records has no obligation to comply with Plaintiffs' Notice of Deposition.

As to Plaintiffs' demand for documents, the Secretary first contends that the Court should quash the Subpoena because it would require the disclosure of privileged or other protected matter. (Docket Entry 97 at 3-5.) The Federal Rules of Evidence establish that, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Given that all of Plaintiffs' claims arise under North Carolina law (see Docket Entry 17 at 16-

23), the Court must look to North Carolina's law of privilege to determine whether the requested documents qualify as privileged or other protected matter.

North Carolina courts have not formally recognized a law-enforcement privilege that protects from disclosure the records of an ongoing governmental investigation, as many other jurisdictions have, see, e.g., Johnson v. Rankin, 2:11CV415, 2011 WL 5358056, at *1-2 (E.D. Va. Nov. 11, 2011) (describing and applying federal law-enforcement privilege). However, North Carolina's Public Records Act specifically exempts from its definition of public records "[r]ecords of criminal investigations conducted by public law enforcement agencies [and] records of criminal intelligence information compiled by public law enforcement agencies." N.C. Gen. Stat. 132-1.4(a); see also In re Department of Investigation of N.Y., 856 F.2d 481, 483-44 (2d Cir. 1988) (explaining that law-enforcement privilege has been "largely incorporated into the various state and federal freedom of information acts"). That exemption does not create an absolute bar to disclosure; rather, the Act affords courts the discretion to order the disclosure of criminal investigation records in appropriate circumstances. N.C. Gen. Stat. § 132-1.4(a); see also In re Investigation into Death of Cooper, 200 N.C. App. 180, 186-88, 683 S.E.2d 418, 423-25 (2009) (holding that trial court did not abuse its discretion by shielding search warrants to protect active homicide investigation).

In exercising that discretion, North Carolina courts have frequently declined to order the disclosure of records of criminal investigations to news organizations, even when such investigations have long concluded. See, e.g., Death of Cooper, 200 N.C. App. at 188, 683 S.E.2d at 425; Gannett Pac. Corp. v. North Carolina State Bureau of Investigation, 164 N.C. App. 154, 161, 595 S.E.2d 162, 166 (2004). The North Carolina Supreme Court has explained that

> Reports based on criminal investigations are often exempt from disclosure because they are based on hearsay and consist largely of the opinions and conclusions of the investigators. The need for protection of confidentiality of government informants and the protection of investigative techniques used by law enforcement agencies also have been generally accepted as justifying prohibitions on disclosure of police and investigative records.

News & Observer Pub. Co. v. State ex rel. Starling, 312 N.C. 276, 282, 322 S.E.2d 133, 138 (1984). Although civil litigants enjoy broader access to public records than available to a news organization, Gannett, 164 N.C. App. at 161, 595 S.E.2d at 166 ("Plaintiffs are neither criminal defendants nor civil litigants seeking discovery of admissible evidence to be used in a trial. Instead, they sought access to [criminal-investigation] records only due to their desire to know and publish the contents." (internal quotation marks and alterations omitted)), that access is not absolute, see, e.g., N.C. Gen. Stat. § 15A-904 (listing types of information within criminal-investigative files not subject to disclosure in criminal trials).

In support of disclosure, Plaintiffs correctly note that "[t]he fact that requested records may not be subject to public disclosure under the North Carolina Public Records Act does not mean that the information is not otherwise discoverable in federal civil litigation . . . [and that] there appears to be no 'privilege' at issue in the requested documents . . . ." (Docket Entry 108 at 8.) Nonetheless, the exclusion of such records from the category of materials made available under the Public Records Act and North Carolina courts' general reluctance to order their disclosure tends to support the view that the Subpoena "requires disclosure of . . . <u>other protected matter</u>," Fed. R. Civ. P. 45(d)(3)(A)(iii) (emphasis added). Furthermore, the Secretary has asserted that the disclosure of files from its ongoing investigations "could lead to flight from prosecution, destruction or tampering with evidence, intimidation of potential witnesses and could otherwise jeopardize the investigations and unduly delay the criminal trials." (Docket Entry 97 at 4.) In support of the foregoing, the Secretary has submitted a series of sworn statements. (<u>See generally</u> Docket Entries 97-3; 115-1; 115-2.) In sum, although the Public Records Act does not <u>require</u> the Court to quash the Subpoena based on an evidentiary privilege, it provides a strong basis for the Court to conclude that Plaintiffs' Subpoena requests other protected matter, particularly where, as in the

instant case, the record reflects that disclosure of the requested documents could substantially impede ongoing criminal investigations.

Ultimately, the Court need not rely on that consideration in this case, because the Secretary has clearly shown that compliance with Plaintiffs' Subpoena would impose an undue burden. The Subpoena requests "[a]ll documents from the investigation relating to or referencing [fifteen individuals] dating from January 1, 2009 [,] to January 1, 2014." (Docket Entry 97-1 at 4-5.)[1] The Subpoena specifies that Plaintiffs' "request is for the entire investigative file(s) relating to the investigations identified [] above, including but not limited to, writings and recorded materials, of any kind, that are or have been in your possession, control, or custody, whether originals or copies." (Id. at 5.) The Subpoena then details more than fifty non-exclusive categories of writings or recordings which Plaintiffs seek in connection with those requests. (Id.) In sum, the Subpoena appears to encompass all documents which may relate to fifteen individuals over a five-year period and, further, seeks complete investigative files for those fifteen individuals.

---

[1] The Subpoena seeks documents relating to or referencing Robert Quinn, Marvin Austin, Mitchell Frankel, Anthony Fleming, Christina White, Todd Stewart, A.J. Machado, Constance Orr, Dwayne Martin, Sean Kiernan, Chris Hawkins, Greg Little, Kentwan Balmer, Zach Brown, and Davina Confair. (Docket Entry 97-1 at 4-5).

-8-

"A subpoena imposes an undue burden on a party when a subpoena is overbroad." AOL, Inc., 550 F. Supp. 2d at 612. "A subpoena is overbroad if it does not limit the documents requested to subject matter relevant to the claims or defenses." Innovative Therapies, Inc. v. Meents, Civ. A. No. DKC 12-3309, 2014 WL 858651, at *17 (D. Md. Mar. 4, 2014) (unpublished) (internal quotation marks omitted). For that reason, courts have frequently concluded that a subpoena for an entire file constitutes an overbroad request where that file likely contains both relevant and irrelevant information. See, e.g., United States v. Morris, 287 F.3d 985, 991 (10th Cir. 2002) (noting that, in context of rule governing subpoenas in criminal cases, "[c]ourts have held that requests for an entire file are evidence of an impermissible fishing expedition"). For instance, a district court in this Circuit recently quashed a subpoena as imposing an undue burden where a defendant requested a plaintiff's complete employment file, because that file also contained personal information not relevant to the case. Singletary v. Sterling Transp. Co., Inc., 289 F.R.D. 237, 241 (E.D. Va. 2012). Similarly, "a request for all documents relating to a subject is usually subject to criticism as overbroad since . . . all documents relate to others in some remote fashion. Such a request unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request." James Madison Project v. C.I.A., No. 1:08CV1323(GBL),

2009 WL 2777961, at *4 (E.D. Va. Aug. 31, 2009) (unpublished) (internal quotation marks and citation omitted).

Plaintiffs provide only conclusory statements to support the relevance of the information sought by the Subpoena, asserting that "[t]he Subpoena . . . requests documents from investigations relating to specific individuals at issue in this lawsuit . . ." (Docket Entry 108 at 2; see also Docket Entry 97-1 at 4-6 (showing that Subpoena provides no additional information concerning relevance).) Although three of the fifteen listed individuals are Defendants to the suit and one is Robert Quinn (whose contract forms the subject of the suit), Plaintiffs do not establish any relationship between the additional eleven individuals and the instant case. (See Docket Entry 108 at 1-12.) The conclusory assertion that an individual is "at issue" in the case does not suffice to show that the disclosure of an entire investigative file concerning that individual will lead to the discovery of admissible evidence. See Vaughan Furniture Co. v. Featureline Mfg., Inc., 156 F.R.D. 123, 126 (M.D.N.C. 1994) (Eliason, M.J.) (denying motion to compel discovery responses from third party as to documents not facially relevant and for which moving party had made only conclusory statements as to relevance).

In support of the Subpoena's overbreadth, the Secretary describes the substantial burden it would incur to comply:

> The investigative files requested by [] Plaintiffs are massive. Plaintiffs seek investigative files relating to

-10-

>     or referencing fifteen people and the entire multi-campus
>     UNC system . . . . In order to sufficiently compile and
>     review the requested documents, the [Secretary] would
>     need a tremendous amount of time. Plaintiffs' request
>     for a tremendous number of NCSOS documents would
>     measurably strain agency resources and divert personnel
>     from their official duties of fulfilling the agency's
>     statutory mission and mandates.

(Docket Entry 115 at 7-8 (emphasis added).) The Secretary further asserts that "the investigative files include documents that are subject to attorney client privilege and work product privilege and also contains financial records that are privileged" (Docket Entry 97 at 8), further indicating that compliance with the Subpoena would require the Secretary to sift through many files, sort the privileged documents therein, and produce a log, see generally Fed. R. Civ. P. 45(e)(2).

"In the context of evaluating subpoenas issued to third parties, a court 'will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance.'" Schaaf v. SmithKline Beecham Corp., 233 F.R.D. 451, 453 (E.D.N.C. 2005) (quoting Indemnity Ins. Co. of N. Am. v. American Eurocopter LLC, 227 F.R.D. 421, 426 (M.D.N.C. 2005)). Accordingly, and of direct application to the Subpoena at issue, "[a] subpoena duces tecum is intended to require the production of designated documents; it is not designed to put the person subpoenaed to the expense of compiling information from his or her records or analyzing their content." 9A Wright & Miller, supra, § 2459. Simply put, Plaintiffs have not satisfied their obligation

under Rule 45 to avoid undue burden to a third party and the Court must quash the Subpoena on that basis.[2]

As a final matter, Rule 45 gives the Court discretion to modify an overbroad subpoena as an alternative to quashing it. Fed. R. Civ. P. 45(d)(3)(A); see, e.g., Millennium TGA, Inc. v. Comcast Cable Comm'cns LLC, 286 F.R.D. 8, 13-14 (D.D.C. 2012) (exercising discretion to modify an overbroad subpoeana). Plaintiffs indicate that, in their communications with the Secretary, they offered to narrow the scope of the Subpoena. (Docket Entry 108 at 2.) However, Plaintiffs' instant filing neither requests modification of the Subpoena as an alternative to quashing it outright, nor proposes any guideline for how the Court might enforce the Subpoena in a more limited form. (See Docket Entry 108 at 1-12.) Under these circumstances, the Court will quash the Subpoena rather than engage in conjecture concerning which information Plaintiffs consider most pertinent.

CONCLUSION

The Secretary has established grounds for relief pursuant to Federal Rule of Civil Procedure 45.

---

[2] Because the Court has concluded that the Subpoena imposes an undue burden on the Secretary, it will not address the Secretary and Plaintiffs' arguments concerning the reasonableness of the time to respond. Simply put, mere enlargement of the time for compliance beyond the eleven days provided would not render the Subpoena reasonable.

**IT IS THEREFORE ORDERED** that Non-Party North Carolina Secretary of State's Motion to Quash and Objection to Subpoena and Notice of Deposition (Docket Entry 96) is **GRANTED.**

                                      /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                              **United States Magistrate Judge**
November 26, 2014