IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CHAMPION PRO CONSULTING        )
GROUP, LLC, and CARL E.        )
CAREY, JR. Ph.D.,              )
                               )
          Plaintiffs,          )
                               )
     v.                        )     1:12CV27
                               )
IMPACT SPORTS FOOTBALL,        )
LLC, MITCHELL FRANKEL, TONY    )
FLEMING, and MARVIN AUSTIN,    )
                               )
          Defendants.          )
```

**ORDER**

Plaintiffs Champion Pro Consulting Group, LLC ("Champion Pro") and Carl E. Carey, Jr., Ph.D. ("Carey") (collectively "Plaintiffs"), initiated these proceedings against Defendants Impact Sports Football, LLC ("Impact Sports"), Mitchell Frankel ("Frankel"), Tony Fleming ("Fleming"), and Marvin Austin ("Austin") (collectively "Defendants"), alleging that Defendants violated Section 75-1.1 of the North Carolina General Statutes and engaged in a civil conspiracy in their attempt to recruit as a client Robert Quinn, the 14th overall pick in the 2011 National Football League Draft.

Currently before this court is Plaintiffs' Motion for Sanctions in the Form of Default Judgment or an Adverse Jury Instruction Directed against Defendants. (Doc. 120.) In their

motion, Plaintiffs allege that Defendants lost or deleted critical electronically-stored evidence, namely, text messages. Defendants have responded (Doc. 126), and Plaintiffs have replied (Doc. 141).[1]  For the reasons stated herein, this court will grant Plaintiffs' motion in part and deny it in part.

The Fourth Circuit has defined "spoliation" as "the destruction or material alteration of evidence or [] the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).  This court has inherent power to impose a wide variety of sanctions to level the evidentiary playing field or to discipline improper conduct, but only when such conduct disrupts the judicial process. See Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991); Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 156 (4th Cir. 1995).

Plaintiffs have requested two specific forms of sanctions: (1) that an adverse jury instruction be given based on Defendants' spoliation and (2) that this court enter a default

---

[1] Plaintiffs initially submitted a Reply on January 26, 2015 (Doc. 135), but after this court granted Plaintiffs' request to exceed page limits (Doc. 140), Plaintiffs submitted an additional Reply (Doc. 141).  Therefore, this court has referred to this later version of Plaintiffs' Reply while considering this motion.

judgment against Defendants. This court addresses each request in turn.

### A. Request for Adverse Inference

Plaintiffs request that this court allow an adverse inference to be drawn against Defendants based on the loss or destruction of text messages. As a function of the rules of evidence, "an adverse inference may be drawn against a party who destroys relevant evidence." Vodusek, 71 F.3d at 155.

In determining whether an adverse inference is warranted, this court must find (1) that there was an obligation to preserve the evidence at the time it was lost or destroyed; (2) that there was some level of culpability attending the destruction or loss of the evidence; and (3) that there was some relevance between the evidence and the litigation, such that the lost or destroyed evidence would "naturally have been introduced." See Vodusek, 71 F.3d at 156; Sampson v. City of Cambridge, Md., 251 F.R.D. 172, 180 (D. Md. 2008).

In this case, this court finds that there was an obligation for Defendants Impact Sports, Frankel, and Fleming to preserve text messages, since at least July 25, 2011, when the Texas litigation began between Plaintiffs and these three Defendants. Although Defendants contend that they were relieved of this obligation after Plaintiffs' voluntary dismissal in November

-3-

2011 (see Defs.' Mem. of Law in Opp'n to Pls.' Mot. for Sanctions ("Defs.' Sanctions Resp.") (Doc. 126) at 22-23),[2] this court finds that Plaintiffs' Notice of Dismissal made it clear that Plaintiffs intended to re-file the action, as they did two months later in January 2012. (See Pls.' Reply to Defs.' Resp. in Opp'n to Pls.' Mot. for Sanctions, Ex. B, Pls.' Notice of Dismissal in the Southern District of Texas action (Doc. 141-2) ¶ 4.) As a result, there was an obligation to preserve text messages since at least July 25, 2011, satisfying the first prong of the test.

Additionally, this court finds it is likely that any text messages exchanged between Defendants or between any Defendant and Robert Quinn would have been relevant to the current litigation and the Texas litigation. Defendants claim that they searched and found no relevant text messages before deleting any messages or relinquishing their old phones. (See Defs.' Sanctions Resp. (Doc. 127) at 11, 21-22.) However, two observations prevent this court from finding as such. First, despite Defendants' argument that Defendants exchanged very few text messages with Robert Quinn or any of the other relevant individuals in this case, (see id. at 15-16, 21-22), the record

---

[2] All citations to page numbers refer to the page number in the bottom right-hand corner stamped during the electronic filing process and as they appear on CM/ECF.

-4-

Case 1:12-cv-00027-WO-LPA   Document 144   Filed 07/15/15   Page 4 of 11

indicates that Defendants sent many text messages during the relevant period. (See Pls.' Mem. of Law in Supp. of Mot. for Sanctions ("Pls.' Sanctions Mem.") (Doc. 121) at 4-5.) Second, in all forums, Plaintiffs have contended that Defendants interfered with Plaintiffs' relationship with Quinn, (see Pls.' Sanctions Mem., Ex. 1, Compl. (S.D. Tex. 4:11-cv-02723) (Doc. 121-1) ¶ 5), and any communications with Quinn would naturally have been introduced to show that Defendants did in fact interfere with Plaintiffs' relationship with Quinn. Even if these text messages would not conclusively prove Plaintiffs' point, they would nonetheless be relevant. Thus, the sheer number of texts sent by Defendants and the nature of Plaintiffs' claims suggest to this court that the likelihood of there being no relevant text messages is low. Therefore, Plaintiffs have met the third prong of the test.

Having met the other two requirements, the dual issues of whether to impose sanctions and, if so, what sanctions to impose depend on what level of culpability was attached to Defendants' destruction or loss of the text messages. As other courts have observed, text messages are not readily stored for long periods of time. See Federico v. Lincoln Military Hous., LLC, No. 2:12-cv-80, 2014 WL 7447937, at *8 (E.D. Va. Dec. 31, 2014). Thus, it generally takes an affirmative effort to store text

messages. See id. As a result, this court does not find that the loss or destruction of the text messages was the product of bad faith. Nonetheless, with the likelihood that there were relevant text messages relating to Quinn and because Defendants have known that their communications with Quinn might be the subject of litigation since July 2011, this court finds that it was negligent for Defendants not to take some affirmative step to preserve relevant text messages.

As the destruction or loss of the text messages was the product of negligence and not willful conduct, this court is unable to enter the severe sanction of an adverse inference. See Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 450 (4th Cir. 2004); Vodusek, 71 F.3d at 156 ("An adverse inference about a party's consciousness of the weakness of his case . . . cannot be drawn merely from his negligent loss or destruction of evidence . . . .").[3] However, the Fourth Circuit has explained that this court may enter a sanction as part of its inherent power to level the evidentiary playing field due to the loss or destruction of evidence. Silvestri, 271 F.3d at 590; Vodusek,

---

[3] Because there is no evidence that Defendants intentionally destroyed the evidence in bad faith, this court will not infer at the summary judgment stage that the text messages in Defendants' possession contained direct evidence of Defendants' alleged retaliatory intent or evidence of other illegal conduct, simply because they were not preserved.

-6-

71 F.3d at 156. Without text messages from the relevant time period, Plaintiffs are unable to rebut claims made by Defendants as to what was said or not said to Robert Quinn while he was Plaintiffs' client. Thus, this court finds it necessary to impose a sanction to remedy this imbalance.

At the summary judgment stage, this court has and will discount any assertions made by Defendants as to what they did not say to Robert Quinn during the relevant time period, because the lack of text messages from the period prevents Plaintiffs from creating a genuine dispute on the matter. For instance, this court will not consider Defendants' statement that "[a]t no time did anyone associated with Impact ever discuss extracting money or services from Carey before Quinn terminated him, or harming Carey in any way," (Defs.' Reply Mem. of Law in Supp. of Mot. for Summ. J. (Doc. 137) at 5), or that Todd Stewart - an individual Plaintiffs accuse of being a "runner" for Defendant Impact Sports and working to recruit Quinn - does not "recall exchanging any text messages with anyone affiliated with Impact, and certainly none regarding Quinn." (Defs.' Sanctions Resp. (Doc. 126) at 11-12.)

This court recognizes that its decision to impose a sanction is in some conflict with the prohibition on sanctions in the Federal Rules when a party's electronically-stored

-7-

information is lost "as a result of the routine, good-faith operation of an electronic information system," absent exceptional circumstances. See Fed. R. Civ. P. 37(e); see also Federico, 2014 WL 7447937, at *5, *7-10 (denying motion for sanctions based on text messages lost as a result of good faith operation of parties' smart phones). Because Defendants were aware of the pending litigation and did not take affirmative steps to store information, Defendants' operation of their "electronic information system" has not necessarily been in "good faith." See Fed. R. Civ. P. 37(e), 2006 amend. advisory note. Moreover, the inherent authority of the court is not limited by Rule 37(e), and this court finds such a sanction necessary to level the evidentiary playing field. See id. ("The protection provided by Rule 37(f)[4] applies only to sanctions 'under these rules.' It does not affect other sources of authority to impose sanctions or rules of professional responsibility.").

---

[4] Although adopted as Fed. R. Civ. P. 37(f), the relevant sanction was later moved to Fed. R. Civ. P. 37(e). See 8B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, & Adam N. Steinman, Federal Practice & Procedure § 2284.1 (3d ed. 2014).

-8-

### B. Request for Entry of Default Judgment

Plaintiffs also request that this court enter default judgment based on Defendants' alleged spoliation. Entering a default judgment is "severe" and constitutes one of the "ultimate sanction[s] for spoliation." See Silvestri, 271 F.3d at 593. As such, entering a default judgment is "usually justified only in circumstances of bad faith or other 'like action.'" See id. (quoting Cole v. Keller Indus., Inc., 132 F.3d 1044, 1047 (4th Cir. 1998)). If there is no evidence of bad faith on the part of the spoliating party, the prejudice to the opposing party must be "extraordinary," such that it denies the opposing party the ability to adequately argue its case. See id.

As stated above, Plaintiffs have not shown that the loss of the text messages was the product of "bad faith or other 'like action.'" Defendants can no longer retrieve text messages from phones that were relinquished to their mobile carriers. Additionally, some text messages were deleted as part of a normal process of deleting text messages. While such practices may be negligent in light of the ongoing litigation, this court does not find that the acts were the product of "bad faith or other 'like action.'"

Moreover, this court finds that Plaintiffs have not shown that the prejudice that may have resulted from the lost text messages is "extraordinary." Plaintiffs have been able to make arguments in response to Defendants' Motion for Summary Judgment without any text messages, and in doing so, Plaintiffs have presented forty-nine separate exhibits in support of their claims, indicating that any missing information would possibly be cumulative. See Federico, 2014 WL 7447937, at *7. Moreover, the cases cited by Plaintiffs are distinguishable. In Silvestri, the spoliating party did not preserve the vehicle at issue in the case, and the vehicle was "the central piece of evidence in [the spoliating party's] case against General Motors." Silvestri, 271 F.3d at 593-94. There, the spoliation prevented General Motors from defending its case in any meaningful way. See id. Here, text messages, while possibly offering relevant evidence, are not the "central piece of evidence" in Plaintiffs' case.

In the end, this court finds that the harsh sanction of default judgment is not justified because "the spoliator's conduct was [not] so egregious as to amount to a forfeiture of his claim," nor was "the effect of the spoliator's conduct . . . so prejudicial that it substantially denied [Plaintiffs] the ability" to prosecute their case. See id. at 593. Thus, this

court finds that it is not proper to grant a default judgment against Defendants. However, as stated above, this court will apply a more limited sanction to level the evidentiary playing field by discounting any assertions made by Defendants as to what they did not say to Robert Quinn during the relevant time period while this court considers the pending summary judgment motion.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Sanctions (Doc. 120) is **GRANTED IN PART** and **DENIED IN PART.** This court will not enter a default judgment against Defendants but will impose a sanction as explained herein.

This the 15th day of July, 2015.

/s/ William L. Osteen, Jr.
United States District Judge